# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LINDA KING-COWSER, as mother and best )
friend of PHARON COWSER and )
ABRIANNA COWSER, and MICHELINE )
EVANS, as mother and best friend of )
DWIGHT JACKSON and DEANNA JACKSON, )
)
        Plaintiffs, )      Case No. 07 C 6551
)
      v. )      Judge Joan B. Gottschall
)
SCHOOL DISTRICT 149, APRIL ISABELLE, )
DR. BRIDGETTE GARTH-YOUNG, )
and TRACI J. BROWN, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Linda King-Cowser, as mother and best friend of Pharon Cowser and Abrianna Cowser, and Micheline Evans, as mother and best friend of Dwight Jackson and Deanna Jackson (collectively, the "Plaintiffs"), filed a four-count complaint alleging violations of their due process and equal protection rights. The defendant, School District 149 (the "School District"), moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court granted the motion of individual defendants, April Isabelle ("Isabelle"), Dr. Bridgette Garth-Young ("Garth-Young") and Traci J. Brown ("Brown"), to join the motion to dismiss. Thus, before the court is a joint motion to dismiss filed by defendants the School District, Isabelle, Garth-Young, and Brown (collectively, the "Defendants"). For the reasons stated below, the motion is denied.

# I. BACKGROUND[1]

At the time of filing the complaint, Pharon Cowser ("Pharon") was thirteen years old, his sister, Abrianna Cowser ("Abrianna") was nine, his cousin Dwight Jackson ("Dwight") was seven, and his cousin Deanna Jackson ("Deanna") was eight. In early September 2007, Pharon was admitted to the hospital. It was discovered that he had contracted Methicillin-Resistant Staphylococcus Aureus ("MRSA").[2] Over the course of 47 days, he underwent nine surgeries and several other medical procedures.

On or about October 20, 2007, Linda King-Cowser, Pharon's mother, spoke with school representatives to discuss home schooling for Pharon. The school representatives were: Brown, who is the Superintendent of School District 149; Garth-Young, who is the principal of Dirksen Middle School, where Pharon attends; and Isabelle, who is the principal of Dickman Elementary School, where Abrianna, Dwight, and Deanna attend. Pharon's mother was told that no teacher would come to Pharon's house for home schooling because Pharon had MRSA. The school representatives required that Abrianna, Dwight, and Deanna be picked up from school immediately because they had been in close contact with Pharon. They said none of the children could return to school until they had received a "clean bill of health" from a physician, despite the fact that Dwight, Deanna, and Abrianna did not have MRSA or even have symptoms of MRSA and that Pharon had been released from the hospital after completing his treatment.

---

[1] The factual allegations are taken from the Plaintiffs' complaint and are deemed true for purposes of this motion. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005) (noting that all reasonable inferences must be drawn in favor of plaintiff).

[2] According to the Centers for Disease Control and Prevention, MRSA is a type of staph that is resistant to certain antibiotics. It can cause infections ranging from skin infections, which look like spider bites or red bumps, to severe blood infections. It is usually spread by having contact with someone's skin infection or personal items. It is treatable. *See* Centers for Disease Control and Prevention, *Environmental Management of Staph and MRSA in Community Settings*, http://www.cdc.gov/ncidod/dhqp/ar_mrsa_Enviro_Manage.html.

Dwight, Deanna, and Abrianna did not have a doctor and Pharon's doctor provided only informational literature on MRSA that stated children should not be excluded from school because of MRSA, an opinion with which the Centers for Disease Control and Prevention and the Illinois Department of Public Health concur. Because the children were unable to obtain suitable statements from doctors, Dwight, Deanna, and Abrianna were excluded from school and Pharon was unable to be home schooled. Through their mothers, the children filed a four-count complaint alleging violations of their due process and equal protection rights and seeking reinstatement at school (or home schooling in the case of Pharon)[3] as well as monetary damages.

## II. ANALYSIS

The Plaintiffs allege that: (1) the children have a right to a free public education and that the Defendants excluded the children from school without reasonable notice and an opportunity to be heard in violation of their procedural due process rights; (2) the Defendants arbitrarily and capriciously denied the Plaintiffs their substantive due process rights by excluding the children from school without reasonable bases; and (3) the children were not treated equally to similarly situated students, namely those with contagious diseases and/or those who live with or in close proximity to those with contagious diseases, and that the Defendants had no rational basis for excluding the children from school. The Defendants argue that the Plaintiffs fail to state a claim upon which relief can be granted and that, therefore, the complaint must be dismissed.

### A.    Legal Standard

Rule 12(b)(6) permits a defendant to assert by motion that the plaintiff's claim for relief fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must

---

[3] The plaintiffs initially brought a motion for a temporary restraining order. Ultimately, an agreement was reached; Dwight, Deanna and Abrianna are now back in school and Pharon has a teacher at his home. Thus, the initial urgency, and the need for injunctive relief, has passed.

accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). "The [defendant's] attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level. *Id.* at 1973-74 & n.14; *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Concentra Health Servs., Inc.* 496 F.3d at 776 (citing *Twombly*, 127 S. Ct. at 1965, 1973 n.14).

**B.     Arguments**

As an initial matter, the parties dispute the appropriate depth of analysis required to decide this motion to dismiss. The Plaintiffs note that, under Rule 8, they need only provide a short and plain statement of their claims to survive dismissal and that the Defendants' arguments are misplaced as they go to substantive issues of the case and the ultimate likelihood of success, not to whether the Plaintiffs have adequately alleged facts to state a claim. *See Moreno v. Town of Cicero*, 2002 WL 31017932, at *2 (N.D. Ill. Sept. 5, 2002) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (noting that the issue in reviewing the sufficiency of the complaint is

"whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits").  They argue that as Plaintiffs, they "need not 'show' anything to survive a motion under Rule 12(b)(6) – [they] need only allege." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005).

Typically, such a bare-bones pleading standard is all that is required.  *See Tamayo v. Blagojevich*, 526 F. 3d 1074, 1083 (7th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1973 n.14) (noting that "[a]lthough the opinion contains some language that could be read to suggest otherwise, the Court in [*Twombly*] made clear that it did not, in fact, supplant the basic notice-pleading standard").  Thus, as the Plaintiffs correctly point out, to state a claim under 42 U.S.C. § 1983, a plaintiff need only allege that he or she "was (1) deprived of a federal right, privilege or immunity (2) by any person acting under color of state law."  *Brown*, 398 F.3d at 908 (citing *Gomez v. Toledo*, 446 U.S. 635, 638 (1980)).  Moreover, the Defendants do not dispute that the Plaintiffs' complaint adequately alleges that the Defendants acted under color of law, which leaves only one element for the Plaintiffs to plead adequately.  However, it is the requirements of the second prong of the § 1983 pleading standard that lie at the root of the parties' disagreement over the analytical complexity of this motion.

The Defendants dispute whether the Plaintiffs have sufficiently alleged a deprivation of a federal right, specifically violations of their rights to due process and equal protection.  For certain constitutional claims, where there is a deferential basis standard of review for governmental action, the analysis on a Rule 12(b)(6) motion for legal sufficiency requires more than ensuring that the factual allegations put the defendant on notice of the claim.  *See Wroblewski v. City of Washburn*, 965 F.2d 452, 459-60 (7th Cir. 1992) (observing that "[a] perplexing situation is presented when the rational basis standard meets the standard applied to a

dismissal under [Rule] 12(b)(6)"). For example, to survive a motion to dismiss for failure to state a claim for equal protection, "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Id.* at 460. Thus, the Defendants' arguments are not inappropriate and irrelevant to a motion to dismiss, as Plaintiffs assert, although the Defendants do at times assert defenses prematurely and fail to defer sufficiently to the Plaintiffs' version of the facts. It is under this nuanced pleading standard that the court now turns to the Defendants' argument that, even taking all of the facts alleged as true, the Defendants' actions fail to rise to the level of a constitutional violation because a rational basis for such actions is apparent on the face of the complaint.

      1.    <u>Procedural Due Process Claim</u>

The relevant portion of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A violation of due process exists only where the state has deprived the plaintiff of a constitutionally protected interest without constitutionally sufficient procedures. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)); *Grant v. City of Chicago*, 594 F. Supp. 1441, 1446 (N.D. Ill. 1984) ("The due process clause of the Fourteenth Amendment ensures that no party will be deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner.").

The Defendants properly concede that a public education is a property interest, and that, as such, it is protected by the Due Process Clause. *Goss v. Lopez*, 419 U.S. 565, 574 (1975). They contend, however, that the facts as alleged contradict the Plaintiffs' legal conclusion that they were not provided with reasonable notice or an opportunity to be heard. They posit that, pursuant to the three-part balancing test established in *Mathews v. Eldridge*, 424 U.S. 319

(1976), the procedure provided to the Plaintiffs was sufficient. The Defendants submit that school administrators are allowed to require medical examinations pursuant to statute,[4] and that the children were excluded from school because of the mothers' failure to act, not because of the Defendants' insufficient procedures. The complaint alleges that Pharon's mother spoke on the phone with Isabelle, Brown, and Garth-Young and was told that Abrianna, Dwight and Deanna should be immediately picked up and could not return without a "clean bill of health." Compl. ¶ 12. At the same time, Pharon's mother was told Pharon could not have a home school tutor. *Id.* The complaint does not disclose whether the school administrators spoke with the mother of Dwight and Deanna. The Defendants contend that the adequate procedure apparent from the face of the complaint was that the school administrators advised Pharon's mother that the children could not return to school "until they provided a clean bill of health." Mot. to Dismiss at 6.

Research uncovered few factually similar cases alleging constitutional violations. However, it is clear that, whether the process required in this situation is pre- or post-deprivation, *some* process is required before a child may be excluded from school.[5] *See, e.g.*, *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 510 (11th Cir. 1990) (remanding, for procedural reasons, a preliminary injunction case where the judge concluded that the exclusion of a child with hepatitis B from classes violated due process because it was not based on credible medical evidence and was done arbitrarily, without a hearing, without a showing that the child presented a danger to others, and without further medical consultation or examination);

---

[4] The Defendants cite 105 Ill. Comp. Stat. 5/27-8.1(1) for the proposition that a school may require health examinations of pupils when deemed necessary. The court does not reach the relevance or proper interpretation of the statute at this early stage in the case.

[5] The Defendants assert that Pharon was not "excluded" from school because he had been out of school due to his hospitalization. The argument ignores the refusal of Pharon's request for home schooling, which is functionally equivalent to excluding him from the public school system.

*cf. Arline v. Sch. Bd.*, 480 U.S. 273, 288 n.16 (1987) (establishing, for the Rehabilitation Act of 1973, the "significant risk of communicating an infectious disease" standard for exclusion from the classroom). A reasonable inference from the allegations in the complaint is that the Defendants provided no process, pre- or post-deprivation. Therefore, the court does not reach the question of which procedure is appropriate in this context.

The Defendants' assertion that nothing would have changed even if the Plaintiffs had been provided a greater opportunity to be heard misses the point. Nothing in the complaint indicates that the Defendants provided the children with any type of hearing on the risk posed by having them attend school (or in Pharon's case, having a teacher come to his house). The court reads the Defendants' argument as stating that requiring a child to obtain clearance from a doctor, either through pre-removal routine examinations or through a post-removal "clean bill of health" statement, provides sufficient process because such a requirement is quickly and easily satisfied and a satisfactory result allows the immediate return of the child to classes. The Defendants' contention that the school has a right to know which students have infectious diseases may or may not be correct; however, the process that they assert defeats the Plaintiffs' claim shifts the burden of showing eligibility for school onto the child, regardless of the child's ability to provide proof to satisfy the burden. The court is unwilling to hold that such burden-shifting is acceptable to defeat the Plaintiffs' claims, especially where obtaining proof to meet the burden imposed requires access to health care that may be beyond the reach (financial or otherwise) of the child's family. The Plaintiffs' allegation that they were not afforded reasonable notice or an opportunity to be heard is sufficient to state a claim and the alleged facts are sufficient to overcome any presumption of rationality. The motion to dismiss the procedural due process claim is denied.

2.    Substantive Due Process Claim

Substantive due process is the "protection of the individual against arbitrary action of the government." *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998) (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). The concept "must be expanded reluctantly 'because the guideposts for responsible decision-making in this uncharted area are scarce and open-ended.'" *Christensen v. County of Boone*, 483 F.3d 454, 461 (7th Cir. 2007) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). Thus, typically, substantive due process "is most often described as an abuse of government power which 'shocks the conscience.'" *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005) (citing *Rochin v. California*, 342 U.S. 165, 172 (1952)).

Although students have a property right in a public education, the U.S. Supreme Court has not recognized education as a fundamental right. *Galdikas v. Fagan*, 342 F.3d 684, 688 (7th Cir. 2003), *overruled on other grounds by Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004); *Dunn v. Fairfield Cmty. High Sch. Dist. No. 225*, 158 F.3d 962, 966 (7th Cir. 1998) ("Although students may have some substantive due process rights while they are in school, education itself is not a fundamental right."). In the absence of a fundamental right, "substantive due process requires only that the practice be rationally related to a legitimate government interest, or alternatively phrased, that the practice be neither arbitrary nor irrational." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003). In a case where the claim "is predicated on the deprivation of a state created property interest, the plaintiff must show (1) that the state actor's conduct was arbitrary and irrational, and (2) that the state actor committed a separate constitutional violation or that state law remedies are inadequate." *Galdikas*, 342 F.3d at 691. The Defendants argue that the facts in the Plaintiffs' complaint do not rise to the level necessary to allege that there was a violation of substantive due process because the Defendants' actions,

removing children from school because they believed they might have a contagious disease and requiring a "clean bill of health" before return, do not "shock the conscience" in light of their legitimate reason for the actions: protecting the public health and safety of the teachers and students.

The Plaintiffs contend, by means of a significant over-reading of dicta, that the "shocks the conscience" standard is inapplicable in this case. *See* Pls.' Opp'n Mot. to Defs.' Mot. to Dismiss at 10-11 (citing *Galdikas*, 342 F.3d at 690 n.3, which discusses the lack of certainty in the applicability of the standard, for the proposition that the "shocks the conscience" standard applies only in cases such as high-speed chases). Although the court agrees with the Defendants that the standard is appropriate and that, under that standard, the Plaintiff has a high burden of proof, it does not agree that the standard is dispositive on a motion to dismiss. The cases the Defendants cite were decided after full development of the record. *See Wood v. Strickland*, 420 U.S. 308 (1975) (appeal from a directed verdict for the defendants); *Tun v. Whitticker*, 398 F.3d 899 (7th Cir. 2005) (reversal of summary judgment in favor of the plaintiff); *Remer v. Burlington Area Sch. Dist.*, 286 F.3d 1007 (7th Cir. 2002) (affirming summary judgment for the defendants); *Dunn v. Fairfield Cmty. High School Dist. No. 225*, 158 F.3d 962 (7th Cir. 1998) (affirming summary judgment in favor of the school district). On a motion to dismiss, the Plaintiffs need only "allege facts sufficient to overcome the presumption of rationality." *Wroblewski*, 965 F.2d at 460. Whether the Defendants' conduct "shocks the conscience" must await a determination on the facts.

The Plaintiffs state that they have adequately alleged facts that support an inference that the Defendants' actions were arbitrary and irrational. Specifically, they rely on the allegations that: Pharon had been in the hospital for 47 days, Compl. ¶ 11; he had been released after

treatment for MRSA, *id.* ¶ 15; Abrianna, Dwight and Deanna had no symptoms of MRSA, *id.* ¶ 14; and neither the CDC nor the Illinois Department of Public Health mandate the exclusion of children with MRSA from schools, *id.* ¶ 19-20. A reasonable inference is that the Defendants excluded the children from school (or from obtaining home schooling) in the absence of any credible reason to believe there was a risk of infection. Thus, the Plaintiffs have sufficiently overcome the rationality hurdle. They have also pled a separate constitutional injury, namely violations of procedural due process and equal protection, *id.* Counts I & III, and that state procedures are inadequate, *id.* ¶ 39. This sufficiently states a claim. The motion to dismiss the substantive due process claim is denied.

3.     Equal Protection Claim

The pertinent part of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "'To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class.'" *Brown*, 398 F.3d at 916 (quoting *McNabola v. Chi. Transit Auth*, 10 F.3d 501, 513 (7th Cir. 1993)). In order to withstand scrutiny, "a law must bear only a rational relation to a legitimate state interest (unless it implicates a fundamental right or classifies on a basis triggering heightened scrutiny)." *Wroblewski*, 965 F.2d at 458. Consequently, to avoid dismissal pursuant to a Rule 12(b)(6) motion, a plaintiff must "allege facts sufficient to overcome the presumption of rationality." *Id.* at 460.

The Plaintiffs allege that they were treated differently from similarly situated students with contagious diseases, and/or those who merely live with or in close proximity with those

who have contagious diseases but were not excluded from school. Compl. ¶ 34. The Defendants assert that the Plaintiffs fail to state a claim because the alleged facts do not overcome the presumption of rationality afforded their decision. Here, taking the allegations as true, the students with MRSA, or students living with or close to them, are treated differently from students who have had, or who live near someone with, other contagious diseases. Thus, at issue is the rationality of a decision to exclude a child with MRSA but not, for example, a child infected with HIV or hepatitis B. Strangely, neither party directly addresses this issue. Instead they make inapposite arguments on the rationality of excluding a child who had or is suspected of having MRSA, as they did for Plaintiffs' due process claims.

Turning to the complaint, the Plaintiffs allege, on information and belief, that similarly situated students have been treated differently and that there is no rational basis for the difference in treatment. Compl. 34-35. The allegation that students with different contagious diseases are treated differently overcomes the presumption of rationality and the conclusory allegation is sufficient to put the defendant on notice of the claim against it to "begin to investigate and prepare a defense." *See Tamayo*, 526 F.3d at 1085 (noting that *Twombly* does not bar conclusory statements from pleadings). The motion to dismiss the equal protection claim is consequently denied.

### III. CONCLUSION

For the reasons stated above, the defendants' joint motion to dismiss is denied. The Defendants shall answer within 28 days of this order.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 25, 2008